IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-cv-00063 |
| | ) |
| HANKOOK TIRE | ) JUDGE CAMPBELL |
| MANUFACTURING | ) |
| TENNESSEE, LP, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Anthony Parker, a Tennessee resident, brings a pro se employment discrimination Complaint against Defendant Hankook Tire Manufacturing Tennessee, LP. (Doc. No. 1). On February 2, 2022, the Court denied Plaintiff's in forma pauperis application without prejudice because he failed to provide a sufficiently clear picture of his income. (Doc. No. 5). The Court explained that Plaintiff's response to Question One (i.e., stating zero employment income over the past twelve months) was inconsistent with Plaintiff's response to Question Two (i.e., stating employment income of over $5,000 per month for seven of the last twelve months). (Doc. No. 2 at 1-2). In addition, the Court found that the response to Question Two was incomplete because Plaintiff did not provide any information regarding approximately sixteen months. (*Id*. at 2). Accordingly, the Court ordered Plaintiff to pay the filing fee or submit an amended in forma pauperis application containing "complete answers to all questions." (Doc. No. 5 at 2). The Court cautioned Plaintiff that failure to comply would result in dismissal. (*Id*.)

On February 22, 2022, Plaintiff submitted an amended in forma pauperis application that fails to address the Court's stated concerns. (Doc. No. 7). Plaintiff's responses to Questions One

and Two concerning income are unchanged, and he makes no attempt to clarify the incomplete response to Question Two. (*Id*.) In addition, Plaintiff (who is currently unemployed) indicates that he expects impending major changes, including the receipt of unemployment benefits, but he offers no explanation. (*Id*. at 5). Thus, as before, the amended application does not provide a sufficiently clear picture of Plaintiff's income.

Even if the Court were to consider the amended application, however, Plaintiff does not establish that he is entitled to pauper status. "The [in forma pauperis] statute was intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). Thus, Plaintiff must demonstrate that he cannot, because of poverty, pay court costs "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). According to the amended application, Plaintiff earned at least $36,900 during the seven months prior to this action, an income level that is 272% of the annual poverty level for a one-person household. *See U.S. Dep't of Health and Human Servs.*, POVERTY GUIDELINES FOR 2022, https://aspe.hhs.gov/poverty-guidelines (noting 2022 poverty level for one-person household is $13,590). (Doc. No. 7 at 2). Moreover, this income (averaging $5,250 per month) resulted in a monthly surplus because it significantly exceeded Plaintiff's reported expenses ($2,490 per month).[1] (*Id*. at 2, 5). Based on this information, Plaintiff has not established that that he is indigent, *see* 28 U.S.C. § 1915(a)(1), or demonstrated that payment of the filing fee would be an undue hardship that would deprive him of "the necessities of life." *Adkins*, 335 U.S. at 339. Rather, Plaintiff is "merely in the position of having to weigh the financial

---

[1] The Court utilizes the expenses described by Plaintiff in the amended application for purposes of this analysis. (*See* Doc. No. 7). However, a comparison indicates that the amended application includes hundreds of dollars of expenses not included in Plaintiff's original application. (*Compare* Doc. No. 7 *with* Doc. No. 2). Moreover, forty percent of Plaintiff's expenses consists of "alimony, maintenance, and support paid to others," for which no explanation is offered. (Doc. No. 7 at 5).

constraints posed if he pursues [this lawsuit] against the merits of the case." *Franklin v. Johnson Control/Adient*, No. 3:19-cv-01174, 2020 WL 996913, at *1-2 (M.D. Tenn. Mar. 2, 2020) (quoting *Glover v. Colvin*, No. CIV.A. 2014-216-WOB, 2015 WL 417988, at *2 (E.D. Ky. Jan. 30, 2015) (citation omitted)).

Accordingly, the amended in forma pauperis application (Doc. No. 7) is **DENIED**. *See Foster*, 21 F. App'x at 240 (affirming denial of pauper status based on income of approximately $42,000); *Franklin*, 2020 WL 996913, at *1-2 (denying pauper status, despite lack of cash and substantial expenses, because income of $5,000 per month significantly exceeded household poverty-level). To continue this action, Plaintiff **MUST** submit the $402.00 filing fee to the Clerk of Court within **30 DAYS** of the date this order is entered on the docket. 28 U.S.C. § 1914. Failure to comply or request an extension by the deadline will result in dismissal of this action for failure to prosecute and failure to comply with the Court's order. Fed. R. Civ. P. 41(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE