IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE DIVISION CIVIL ACTION
3:22-cv-00063

FILED
2022 APR 22 AM 10: 48
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

ANTHONY PARKER, Plaintiff
v.
HANKOOK TIRE MANUFACTURING
TENNESSEE, LP., Defendant

Amended DEMAND FOR TRIAL
WRONGFULL EMPLOYMENT
TERMINATION

**PLAINTIFF**, Anthony Parker (hereinafter "Plaintiff"), complaining of the Defendants, alleges and says:

## JURISDICTIONAL STATEMENT AND PARTIES

Plaintiff Anthony Parker (hereinafter "Plaintiff") is a citizen and resident of Tennessee residing in Rutherford County.

1. Defendant Hankook Tire Manufacturing Tennessee, LP., (hereinafter "Defendant") is a corporation registered in the State in Tennessee to conduct business within the state and at all times relevant herein owns and operates facilities within the state of Tennessee.

2. Defendant at all times material to this complaint, operated, managed and/or maintained facilities at 2950 INTERNATIONAL BLVD CLARKSVILLE, TN 37040-6432.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1343.

4. Venue is proper under 28 U.S.C. §1391(b) and 42 U.S.C.§2000e-5(f)(3) as the alleged unlawful employment practice was committed with the State of Tennessee and Defendant has contacts that are sufficient to subject it to personal jurisdiction within the Middle District thereof.

5. At all times herein mentioned, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, Titles I and V of the Americans with Disabilities Act of 1990 (ADA) and as such was prohibited from discriminating in employment on the basis race, age, religion, national origin and/or retaliation thereof.

6. The alleged wrongs and damages described herein occurred in Montgomery County, Tennessee.

7. On or about January 4, 2022, Plaintiff filed a charge of discrimination with the U.S/ Equal Employment Opportunity Commission ("EEOC"), Charge No. 494-2022-00406, alleging discrimination based on Plaintiff's, age, race, disability, and retaliation against

Defendant (A copy of Right to Sue letter attached as Exhibit 1 and incorporated by reference).

8. Plaintiff's EEOC charge was timely filed within one hundred eighty (180) days after the alleged unlawful employment practices first occurred, satisfying the requirement of 42 U.S.C. § 2000e-5(b) and (e) with the EEOC.

9. On January 4, 2022, the EEOC issued a notice of Right to Sue to Plaintiff in the matter of EEOC Charge No. 494-2022-00406, which were received within ninety (90) days of the filing of this action by the Plaintiff (A copy is attached here to as Exhibit 1 and incorporated by reference).

10. Plaintiff has complied with all jurisdiction and procedural requirements of Titles I and V of the Americans with Disabilities Act of 1990 (ADA), as amended before initiating this proceeding.

## STATEMENT OF FACTS

11. The allegations contained in preceding paragraphs of the Complaint are re-alleged and incorporated by reference as though fully set forth herein.

12. September 13, 2022, Plaintiff hired as C crew Building Department Group Leader reporting to Derek Cotes, white male over 40 years old, with a 90-day probationary period and medical insurance coverage starting 31 days after employment.

13. Plaintiff, Black male over the age of 40.

14. October 14, 2021, Plaintiff became eligible for short term disability benefits.

15. October 2021, on two occasions suffered slanderous comments from Prince McGill, Black male under 40, D crew associate, "you deliberately made an error with my time, because Goldwire told me." Goldwire is McGill's direct Group Leader (GL). Reported the slanderous comments to Defendants Derek Cote, Plaintiff's supervisor, white male, over 40.

16. October 2021, Plaintiff sent Derek Cotes email describing Saymantha Grotchels work ethics as C Crew team leader, white female under 30. Cotes showed email to LT B crew group leader, Black female over 40, humiliating and bullying Plaintiff during morning shift exchange. Cotes perniciously laughing at the use of words, saying "he had to ask his wife to read because of the large words."

17. October 2021, Plaintiff had meeting with Anthony Coleman HRM Unit Manager, white male, over 40. Concerning Prince McGill admitting to lying to Plaintiff witnessed by Mathew Goldwire, D Crew GL, heard the admission of slanderous comment. Including reporting hostile work environment discussed about Derek Cotes advertisement of personal email distributed in Building Group Leaders office at 6pm.

18. November 1, 2021, Plaintiff emailed Defendant Derek Cotes a chronological list of threatening encounters with Aaron Cunningham, Black male under 40. Cunningham was vociferous after reminded of company policies. Incident involved, asking him to remove his hoodie a second time. He wore the hoodie covering his head, and not his first threatening outburst while employed, (Ex.3).

19. On November 1, 2021, Plaintiff held prisoner by Defendants Derek Cote, John Meisenbach, Senior Production Manager, and Brad Johnson, Unit Manager in management office for over and hour. Anthony Parker could not leave till Defendants' questions answered satisfactorily. This was more of a police interrogation to make the victim the criminal. Plaintiff felt embarrassed, humiliated, and discriminated while confronted by three white men: Plaintiff followed protocol since this was the second threatening encounter with Aaron Cunningham. John sat to left and Dereck to right while Brad was behind a glass partition. Resembled a scene from Law and Order the TV show. The pernicious interrogation included incidents not entered in Unsigned Discipline Reprimand MEMORANDUM OF RECORD, (Ex.4)

20. Defendant's Discipline Reprimand Memorandum of Record perfunctory to Plaintiffs' email sent to Derek Cotes disputes ambiguous events, company policies, and rules, (Ex.3).

21. Defendant's Reprimand Memorandum of Report (¶3), "The perception of how we treat associates on the floor is key to our success," Plaintiff's Disputing Memorandum (¶2); My reply is the demographics of the work force does not reflect diversity in management positions, (Ex.4,5a).

22. September 2021, October 2021, and November 2021, Prior efforts to phone Dereck Cotes or management concerning machinery down time, quality issues or safety incidents have never received a reply.

23. November 2021, Defendant's, Unsigned Discipline Reprimand Memorandum of Record for Aaron Cunningham incident, (Ex.4).

24. November 8. 2021, Plaintiff's email sent to Defendant Tsutae Sowell Human Resources Team Manager, Korean, over 40 is Robbie Collier's immediate supervisor. Plaintiff sent email disputing unsigned Discipline Reprimand Memorandum of Aaron Cunningham incident, (Ex.5,6)

25. Defendant Tsutae Sowell ordered matter reinvestigated, (Ex.5,6).

26. November 2021 Plaintiff's Disputing Memorandum of Report, (Ex.5a)

**Week of 11/29/21-** (Ex.6)

27. December 2021 sent Defendant Tsutae Sowell 2nd email asking the status of Plaintiff's Disputing Memorandum of Aaron Cunningham excoriating Defendants Memorandum, (Ex.5,6).

28. On December 2, 2021, Plaintiff worked on D Crew covering for Goldwire, GL absence. Violating Defendants Memorandum for Record, "In order to create an environment that both you and Aaron are comfortable with we decided to separate both you and Aaron.... Aaron will be moved to different team," On December 2, 2021, Plaintiff put in a hostile situation. Plaintiff's safety ignored after Hankook made the policy, (Ex.4).

29. On December 4, 2021, Plaintiff reported to Defendant Derek Cote, a BATTERY committed by Global Master on Mario Richards, Black male under 40. Sent picture of the assailant to Defendant. The Global Master slapped Mario's arm off the control panel on machine 1302, (Ex.6)

30. Sang, Korean under 40, commented to Plaintiff in a superiority manner, "6 m's don't exist," referring to a prior discussion of his lack of knowledge of only 4 m's. Sang made personal attack because Plaintiff disagreed with the Korean Global Master's staffing plans.

31. Lee, Korean under 40, told Anthony Parker to, "shut up and listen," whereas Plaintiff ended the conversation and walked away. Again, Lee's confrontation happened because Plaintiff disagreed with the Global Master's staffing plan. M, Korean, Global Master repeatedly complained Antione Ray, (Black male) was standing with arms folded while machine was running. However, no complaints of Will, (White male) standing while machine was running. Both Antione and Will are Team Leaders (TL) on C Crew.

32. Defendant Sang and Lee demanded Plaintiff acquiescent to their rhetorical superiority.
33. Plaintiff submitted to management statistical information as to root cause of production issues disputing Global Masters' unscientific approach, (Ex.6)

### Hankook Tire Employee Handbook:

- Page 13, III-3 Harassment, "It includes conduct which unreasonably interferes with a person's job performance and /or creates a hostile, intimidating or offensive work environment."
- Page 14 III-4, ANTI-BULLYING, "abusive conduct means acts or omission that would cause a reasonable person, based on the severity, nature, and frequency of the conduct, to believe that an employee was subject to an abusive work environment,"

34. December 12, 2021, Plaintiff's 90-day probationary employment period ended
35. December 13, 2021, Plaintiff filed short term disability claim with Defendants insurance carrier, (Ex.9).
36. Defendant received Plaintiff's Doctors note of off work notice with medical restriction from December 13, 2021, to February 13, 2022.
37. December 15, 2021, Defendant Melissa Smith, White female under 40, Payroll & Benefits Coordinator, demanding submission of Medical Leave of Absence (MLOA) form, and later pontificated Plaintiff return to work before doctor's restrictions ended, (Ex.10)
38. January 2022, Charge of Discrimination against HANKOOK TIRE filed with the United States Equal Employment Opportunity Commission. The Charge Number is 494-2022-00406, (Ex.1)
39. January 2022, EEOC issued right to sue notice, (Ex.1)
40. January 2022, Defendants Melissa Smith, and Robbie Collier mandated Anthony Parker return to work before released by doctor because of 30-day medical leave of absences expired. Defendant put Plaintiff in direct threat of harm because doctors return to work dated is February 3, 2022, (Ex.7,8,9,10).
41. January 2022, Defendant Melissa Smith cancelled Plaintiff's medical insurance before job termination.
42. Defendant maliciously demanded Plaintiff perform unsafe and dangerous acts. On January 13, 2021, Defendant Robbie Collier demanded Plaintiff's Doctor jeopardize Anthony Parker's medical safety by removing medical restrictions. On December 2,

42. 2021, Defendant put Plaintiff in hostile unsafe working condition with known threat, (Aaron Cunningham).

43. January 19, 2022, received email from Defendant to expect phone call at 3pm.; Plaintiff's email response was, "Hopefully there is no 'Disparaging Treatment' while under doctors' restrictions," (Ex.10)

44. January 20, 2022, Defendant Robbie Collier called Plaintiff at 3pm terminating employment because Dr. Hopkins would not release Anthony Parker to return to work at Hankook Tire.

45. Defendant Robbie Collier made smug remarks "I am not a doctor," while ending Plaintiff's employment, another unknown Defendant was on conference call who heard the unprofessional comments.

46. Plaintiff hereby re-alleges and incorporates all the preceding paragraphs as thoroughly set forth herein.

47. Plaintiff has satisfied all procedural and administrative requirement of Title VII of the Civil Rights Act of 1964, as amended, by filing timely Charge of Discrimination with Equal Employment Opportunity Commission ("EEOC"), receiving a Right to Sue letter from the EEOC and filing a Complaint within 90 days of receipt of the Right to Sue letter (see attached).

48. Plaintiff is African American

49. Defendant has discriminated against Plaintiff in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), by subject Plaintiff to different treatment on the basis of his race. Plaintiff has suffered disparate treatment as a result of Defendants' wrongful conduct.

50. Defendant has discriminated against Plaintiff by treating him differently from, and less preferable that, similarly situated non-African American employees, including but not limited to Derek Cotes, John Meisenbach, or Robbie Collier, and by subjecting Plaintiff to discriminatory disciplinary decisions, harassment, unfair job demands, unwarranted

disciplinary actions and complete refusal to address the discrimination, resulting in Plaintiff's termination, in violation of Title VII.

51. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Plaintiff, entitling Plaintiff to punitive damages.

52. Defendant is liable for its agents and supervisory employees, due to its failure to address issues of discrimination and harassment of which it was aware.

53. As result Defendant conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earning, lost benefits, costs and expenses, and other financial loss, as well humiliation, inconvenience, embarrassment, emotional and physical distress, and mental anguish

54. By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations of Title VII, including an award of punitive damages.

## FIRST CAUSE OF ACTION
### (Title VII Discrimination)

55. Plaintiff hereby re-alleges and incorporates all the preceding paragraphs as thoroughly set forth herein.

56. Plaintiff has satisfied all procedural and administrative requirement of Title VII of the Civil Rights of 1964, as amended, by filing timely Charge of Discrimination with Equal Employment Opportunity Commission ("EEOC"), receiving a Right to Sue letter from the EEOC and filing a Complaint within 90 days of receipt of the Right to Sue letters (see attached).

57. Plaintiff is African American

58. Defendant has discriminated against Plaintiff in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), by subject Plaintiff to different treatment on the basis of his race. Plaintiff has suffered disparate treatment as a result of Defendant wrongful conduct.

59. Defendant has discriminated against Plaintiff by treating him differently from, and less preferable that, similarly situated non-African American employees, including but not limited to Derek Cotes, John Meisenbach, or Robbie Collier, and by subjecting Plaintiff to discriminatory disciplinary decisions, harassment, unfair job demands, unwarranted disciplinary actions and complete refusal to address the discrimination, resulting in Plaintiff's termination, in violation of Title VILL.

60. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Plaintiff, entitling Plaintiff to punitive damages.

61. Defendant is liable for its agents and supervisory employees, due to its failure to address issues of discrimination and harassment of which it was aware.

62. As result Defendant conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earning, lost benefits, costs and expenses, and other financial loss, as well humiliation, inconvenience, embarrassment, emotional and physical distress, and mental anguish

63. By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations of Title VII, including an award of punitive damages.

64. That as a direct and proximate result of Defendant's actions, Plaintiff has suffered compensatory damages including, but not limited to, damages to his future career and livelihood, lost wages, lost fringe benefits, and other benefits in an amount is excess of $75,000.00 for which Defendant is liable.

65. Defendant retaliatory acts and conduct were willful and wanton and in gross and reckless disregard of the rights of Plaintiff, and as such, Plaintiff are entitled to punitive damage in an amount in excess of $75,000.00, for which Defendant is liable.

## SECOND CAUSE OF ACTION
### (Negligent Retention & Supervision)

66. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

67. The actions and conduct of Derek Cotes, John Meisenbach, and Robbie Collier were tolerated, condoned, and/or ratified by Defendant when Defendant knew or should have known such actions were in violation of Plaintiffs federally protected rights were inflicting stress, anxiety, and adverse employment actions upon Plaintiffs.

68. Defendant knew or should have known unless it intervened to protect the Plaintiff and adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct and actions of its employees, that it would be violating the Plaintiff federally protected rights and subjecting Plaintiff to emotional stress, turmoil, and adverse employment actions.

69. Defendant is liable for failure to properly supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct and action of its employees, and as a direct result, Plaintiff has suffered pecuniary loses including lost wages, benefits, and employment opportunities for which Defendant is liable in an amount is excess of $10,000.00.

70. That the acts and conduct on the part of Defendant was willful and wanton and in gross and reckless disregard of the rights of the Plaintiff, and as such, Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00, for which Defendant is liable.

71. As a direct and proximate result of Defendant's negligent supervision and retention of employees, agents and servants, Plaintiff has suffered and will continue to suffer lost wages, lost earning opportunities, pain and suffering, and mental and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## THIRD CAUSE OF ACTION
### Titles I and V of the Americans with Disabilities Act of 1990 (ADA)

72. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

73. At all times relevant to this complaint, Plaintiff was employed as, and was qualified for and held the position of C Crew Building Department Group Leader.

74. Plaintiff reported to Defendant Robbie Collier medical condition lasting more than 6 months terminating employment while under doctor restriction

75. ADA Sec. 12102. Definition of disability, (1) Disability, the term "disability" means, with respect to an individual, (B) a record of such an impairment; (3) Regarded as having such an impairment (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

76. Defendant knew or should have known unless it intervened to protect the Plaintiff and adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct and actions of its employees, that it would be violating the Plaintiff federally protected rights and subjecting Plaintiff to emotional stress, turmoil, and adverse employment actions.

77. Defendant is liable for failure to properly supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct and action of its employees, and as a direct result, Plaintiff has suffered pecuniary loses including lost wages, benefits, and employment opportunities for which Defendant is liable in an amount is excess of $10,000.00.

78. That the acts and conduct on the part of Defendant was willful and wanton and in gross and reckless disregard of the rights of the Plaintiff, and as such, Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00, for which Defendant is liable.

79. As a direct and proximate result of Defendant's negligent supervision and retention of employees, agents and servants, Plaintiff has suffered and will continue to suffer lost wages, lost earning opportunities, pain and suffering, and mental and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION
### Slander, Libel, Defamation

80. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

81. At all times relevant to this complaint, Plaintiff was employed as, was qualified for, and held the position of C Crew Building Department Group Leader.

82. At all times relevant to this complaint, Plaintiff was adequately performing his job as C Crew Building Department Group Leader and meeting Defendant's requirements written in company handbook.

83. Defendant committed slander, libel, and defamation in violations of the provisions of 28 U.S.C. § 4101, (1) Defamation. --The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

84. Defendant knew or should have known unless it intervened to protect the Plaintiff and adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct and actions of its employees, that it would be violating the Plaintiff federally protected rights and subjecting Plaintiff to emotional stress, turmoil, and adverse employment actions.

85. Defendant is liable for failure to properly supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct and action of its employees, and as a direct result, Plaintiff has suffered pecuniary loses including lost wages, benefits, and employment opportunities for which Defendant is liable in an amount is excess of $10,000.00.

86. That the acts and conduct on the part of Defendant was willful and wanton and in gross and reckless disregard of the rights of the Plaintiff, and as such, Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00, for which Defendant is liable.

87. As a direct and proximate result of Defendant's negligent supervision and retention of employees, agents and servants, Plaintiff has suffered and will continue to suffer lost wages, lost earning opportunities, pain and suffering, and mental and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION
### (Age Discrimination in the alternative)

88. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

89 Defendant wrongfully and intentionally discriminated against plaintiff on account of his age in violation of the ADEA, 29 U.S.C. 621, as follows:

90. Plaintiff is a fifty-nine (63) year old African American male.

91. At all times relevant to this complaint, Plaintiff was employed as, was qualified for, and held the position of Group Leader C Crew Building Department.

92. At all times relevant to this complaint, Plaintiff was adequately performing his job as Group Leader C Crew Building Department and meeting Defendant expectations.

93. Plaintiff, despite having no prior disciplinary action, terminated from his position for a medical disability and disparaging treatment.

94. Upon information and belief, Defendant, after terminating Plaintiff continued to employ and replace Plaintiff with a substantially younger employee. As a result, Plaintiff alleges his age

was the but for factor in Defendant's decision to demote her in violation of 29 U.S.C. § 621, et seq.

95. Defendants committed unlawful and discriminatory practices in violations of the provisions of the ADEA, as amended, 29 U.S.C. § 621, et seq.

96. Defendants conducted, as described above, was willful, Plaintiff is entitled recovery damages until 20 U.S.C. § 621, et seq., including liquidated damages in excess of $10,000.00.

97. Plaintiff is further entitled to recovery reasonable cost and expenses of this action.

## SIXTH CAUSE OF ACTION
### Hostile work environment

98. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

99. At all times relevant to this complaint, Plaintiff was employed as, was qualified for, and held the position of C Crew Building Department Group Leader.

100. At all times relevant to this complaint, Plaintiff was adequately performing his job as C Crew Building Department Group Leader and meeting Defendant's requirements written in company handbook.

101. The legal standard of proving a hostile work environment, an employee must prove that: (1) the harassment was unwelcome: (2) was based on the employee's status in a protected class: (3) the harassment was "sufficiently severe and pervasive enough to alter the condition of {his or} her employment.

102. Defendants Employee Handbook, page 13, III-3 Harassment, "It includes conduct which unreasonably interferes with a person's job performance and /or creates a hostile, intimidating or offensive work environment."

103. Defendant knew or should have known unless it intervened to protect the Plaintiff and adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct and actions of its employees, that it would be violating the Plaintiff federally protected rights and subjecting Plaintiff to emotional stress, turmoil, and adverse employment actions.

104. Defendant is liable for failure to properly supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct and action of its employees, and as a direct result, Plaintiff has suffered pecuniary loses including lost wages, benefits, and employment opportunities for which Defendant is liable in an amount is excess of $10,000.00.

105. That the acts and conduct on the part of Defendant was willful and wanton and in gross and reckless disregard of the rights of the Plaintiff, and as such, Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00, for which Defendant is liable.
106. As a direct and proximate result of Defendant's negligent supervision and retention of employees, agents and servants, Plaintiff has suffered and will continue to suffer lost wages, lost earning opportunities, pain and suffering, and mental and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## APPLICABLE TO ALL COUNTS

Defendants committed unlawful wrongfully employment termination practices in violations of the provisions of the 2010 Tennessee Code § 4-21-313, (6) In the case of an employer who has more than five hundred (500) employees at the time the cause of action arose, three hundred thousand dollars ($300,000).

**NOW, THEREFORE**, the Plaintiff prays unto the Court as follows:

1. That the Court issue a declaration that defendant have violated the plaintiffs' legal rights.
2. That plaintiffs recover of Defendant compensatory damages against Defendant for the violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5(g), Titles I and V of the Americans with Disabilities Act of 1990 (ADA), Negligent Retention & Supervision, Slander, Libel, Defamation, Hostile Work Environment, and Age Discrimination in the alternative representing all lost benefits of employment and compensatory damages, including but not limited to loss of wages, loss of benefits, loss of status, loss of reputation, emotional distress and inconvenience, for an amount in excess of $300,000.00, which amount shall be determined specifically at the trial of this action;
3. That Plaintiff recovers the benefits to which he is entitled under the Plan.
4. That plaintiff recover punitive damages in an amount in the discretion of the jury.
5. That plaintiff recover the costs of this action, including reasonable fees for his representation herein.
6. That this Court award pre-judgment and post-judgment interest on all amounts recovered herein; and
7. That this Court grant such other relief as it deems just and appropriate.

This the 22nd day of April 2022

Anthony Parker, Pro Se  
825 S. Church St  
Murfreesboro, TN. 37133  
aparke42@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on April 22, 2022, a copy of Plaintiff's Complaint filed with the Clerk of Court and a copy mailed via first class mail or emailed:

Trip Conrad, Associate
WALLER LANSDEN DORTCH &DAVIS, LLP
511 Union St. Ste 2700
Nashville, TN. 37219

Anthony Parker, Pro Se.  
825 S. Church St.  
Murfreesboro, TN. 37133